# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In Re: | Case Number: 3–25–10838–cjf |
| Ronald Jinsky, LLC | Chapter: 11 |
| Debtor(s). | |

## CHAPTER 11 SUBCHAPTER V SMALL BUSINESS PROCEDURAL ORDER

The above entitled Chapter 11 case having been filed on April 11, 2025, for procedural purposes

**IT IS ORDERED THAT**:

1. Unless the Court orders otherwise, the Debtor(s) shall file all motions or proceedings for determination or valuation of the secured status of any creditor's interest in property of the estate (a) by **June 10, 2025** or (b) within 5 days after the date of filing the plan, whichever is later, and schedule a hearing thereon. See 11 U.S.C. § 506 and Bankruptcy Rules 3012 and 7001. It is the intent of this order that the Debtor(s) raise and resolve all valuation issues prior to any hearing on confirmation of plan.

2. Motions for determination of secured status and notices thereof must be served on all parties with an interest in the subject property. Notice of any such motion shall provide that:

   a. Written objection must be filed within 14 days of the date of the notice;
   b. All objections must be in writing and be in full compliance with Bankruptcy Rule 9011;
   c. Appearance at the valuation hearing in support of the written objection is required or the objection will be deemed to be waived;
   d. If no written objection is timely filed, the parties will be bound by the values set forth in the motion;
   e. If no objections are timely filed, the hearing on confirmation of the plan may constitute the "hearing on notice" in accordance with Bankruptcy Rule 3012.

3. Pursuant to 11 U.S.C. § 1189(b), the Debtor(s) may seek an extension of the Plan Filing Deadline only "if the need for an extension is attributable to circumstances for which the Debtor(s) should not justly be held accountable." Any request for an extension of the Plan Filing Deadline must be sought by motion filed with the Court and served on the Parties not later than the Plan Filing Deadline and must be supported by a declaration under penalty of perjury setting forth the circumstances that Debtor(s) contends establish the need for an extension.

4. No separate disclosure statement is required to be filed provided the plan contains, pursuant to 11 U.S.C. § 1190(1), a brief history of the Debtor's business operations, a liquidation analysis, and projections of the Debtor's ability to make payments under the proposed plan of reorganization.

5. The deadline for an 11 U.S.C. § 1111(b) election shall be set for a date that is 28 days after the filing and service of the plan.

6. Upon the filing of the proposed plan of reorganization, counsel for Debtor(s) shall contact the Court to obtain a hearing confirmation date.

Dated: 4/17/25

BY THE COURT:

/s/ Catherine J. Furay

_____

Hon. Catherine J. Furay